Filed 6/21/16  P. v. Brown CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JIMMY RAY BROWN,<br><br>    Defendant and Appellant. | F070343<br><br>(Fresno Super. Ct. No. F13911334)<br><br>**OPINION** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Wayne R. Ellison, Judge.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

Appellant/defendant Jimmy Ray Brown was convicted by a jury of violating Vehicle Code section 2800.2, subdivision (a), felony evading a police officer.  His

---

\* Before Poochigian, Acting P.J., Detjen, J. and Peña, J.

sentence was stayed and he was placed on three years' probation. Appointed appellate counsel did not identify any arguable issues in the record. We affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

*The Pleadings*

The information as filed contained five counts, four of which were for infractions for violating provisions of the Vehicle Code. The district attorney dismissed the infractions before trial, and proceeded on the felony allegation of evading a police officer in violation of Vehicle Code section 2800.2, subdivision (a).

*The Testimony*

Sergeant Paul Cervantes of the Fresno Police Department testified that on the night in question, he was on patrol in an unmarked police vehicle when he observed a vehicle with a defective brake light. He attempted to effect a traffic stop by activating his emergency lights and siren. Defendant, who was driving the vehicle, drove away and led officers on a chase that at times approached 90 miles per hour. Cervantes was joined in the chase by California Highway Patrol Officer Dustin Vitucci, who was driving a marked California Highway Patrol (CHP) vehicle. When Vitucci arrived, Cervantes pulled out of the way and Vitucci became the lead vehicle in the pursuit. Defendant eventually pulled to the side of the road and was arrested. Cervantes observed defendant commit a number of Vehicle Code violations during the pursuit.

Vitucci confirmed Cervantes's testimony.

Defendant presented testimony suggesting the brake lights on the vehicle he was driving were operable on the night in question.

Defendant also testified in his defense. He began by stating the brake light on the vehicle he was driving was operable that night. He also testified that he did not know a peace officer was trying to pull him over until he was on the freeway and a CHP vehicle was behind him. He pulled to the side of the road as soon as he was able. He denied speeding or violating any other portions of the Vehicle Code.

2.

*The Verdict and Sentencing*

The jury found defendant guilty. The trial court suspended his sentence and placed him on three years' probation, including an additional 90 days on the adult offender work program.

## DISCUSSION

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asserting that after reviewing the record she could not identify any arguable issues in the case. By letter dated May 8, 2015, we invited defendant to identify any issue he wished us to consider. Defendant did not respond to our invitation.

After a thorough review of the entire record, we agree with appellate counsel. This was an uncomplicated case providing the jury with a single decision. The evidence was limited to the officers who participated in the pursuit, defendant's evidence was straightforward, the argument by both parties was limited to the evidence, the jury instructions properly instructed the jury and were agreed to by both parties, and the sentence was well within the trial court's discretion. Defendant made a motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, seeking appointment of different defense counsel. The trial court denied the motion finding that defendant failed to state grounds to justify the change in counsel. Our review of the record finds no abuse of the trial court's discretion. Moreover, we note that defendant was represented at trial by different counsel, for reasons unclear in the record. Nonetheless, defendant was adequately represented in a difficult case to defend.

## DISPOSITION

The judgment is affirmed.